IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-cv-00265-FL

| | |
|---|---|
| WAILEUNG HENRY LAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| ADULT CORRECTION, ) | |
| ) | |
| Defendant. | |

This matter is before the court on plaintiff's motion to proceed in forma pauperis, (DE 2), and for review pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's case be dismissed without prejudice for failure to prosecute and to comply with the court's order. (DE 8). Plaintiff filed objections to the M&R within the time allowed, and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

1

198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the magistrate judge recommends dismissal of plaintiff's claims for failure to prosecute and to comply with the court's order. The magistrate judge identified by notice of deficiency and order entered June 5, 2023, a discrepancy in plaintiff's in forma pauperis application whereby plaintiff listed a gross monthly pay of $3797.40 from his employment with the North Carolina Department of Adult Correction, but listed an anticipated monthly gross income of $2700.00. (See DE 5 at 1). Plaintiff therefore was ordered to particularize his application no later than **June 19, 2023**. In the same order, the magistrate judge noted that the allegations in plaintiff's proposed complaint were difficult to understand and confusing, did not allege the cause of action underlying his veterans claim, and did not explain how alleged facts satisfied the legal elements of certain claims. (See id. at 2-3). Plaintiff therefore was ordered to file a new proposed complaint with amendments by the same date. On June 22, 2023, plaintiff filed a motion for extension of time, on the grounds that he needed to focus at work, without offering a new proposed deadline. The court granted plaintiff's motion the next day, extending plaintiff's deadline until July 14, 2023.

On July 31, 2023, at which time plaintiff had made no further filings, the magistrate judge recommended that the case be dismissed without prejudice for failure to prosecute and to comply with the court's order. (See DE 8 at 3). Plaintiff filed objections August 14, 2023, seeking to explain "how the state agency [he] worked for . . . repeatedly placed the obstruction on [his] time to attend the summoning from the court in the last two months." (DE 9 at 1). Plaintiff cites inter alia a "7 am to 3:30 pm" work schedule, a long commute, and a difficult recovery after an injury

he sustained, all of which hampered his "ability to prepare any document to present to the court in a fast manner." (Id. at 1-4).

The Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The court in its discretion, in order to balance plaintiff's alleged hardships against the need for efficient resolution, ALLOWS plaintiff an extension until **October 9, 2023,** to file a corrected in forma pauperis application and a new proposed complaint with amendments. Failure so to file will result in dismissal of the action for failure to prosecute and follow the court's order.

SO ORDERED, this the 7th day of September, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge