IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-cv-00265-FL

| | |
|---|---|
| WAILEUNG HENRY LAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| ADULT CORRECTION, ) | |
| ) | |
| Defendant. | |

This matter is before the court on plaintiff's corrected in forma pauperis application (DE 11), and for review of his amended complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim. (DE 12). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

1

198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed previously a proposed complaint (DE 1) and application to proceed in forma pauperis (DE 2), and the court directed plaintiff to correct several deficiencies therein no later than June 19, 2023, by order entered June 5, 2023. (DE 5). The court granted two extensions of time after that deadline, and plaintiff filed the instant corrected in forma pauperis application and amended complaint October 10, 2023. (DE 11).

Here, the magistrate judge recommends dismissal of plaintiff's claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 where the court lacks subject matter jurisdiction to hear that claim. The magistrate judge also recommends dismissal of plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 for failure to allege facts sufficient to form a plausible inference that retaliation, disparate discipline, or discrimination occurred. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and DISMISSED for failure to state a claim upon which relief can be granted. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 11th day of April, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge